I agree with the majority's analysis of the "excessive exposure" and causation issues. This is a very close case. I think the worker presented a bare minimum of evidence, just enough to meet the preponderance standard. The same quantum of evidence clearly would not have entitled the worker to relief under the standard set out in § 25-5-81(c).
Section 25-5-81(c) of the new Worker's Compensation Act includes the following provision:
 "[I]njuries which have resulted from gradual deterioration or cumulative physical stress disorders, . . . shall be deemed compensable only upon a finding of clear and convincing proof that those injuries arose out of and in the course of the employee's employment."
The brief of the Amicus Curiae argues that § 25-5-81(c) applies in this case because cardiovascular disease resulting in a stroke represents a "gradual deterioration." Both medical experts agreed that "a stroke is a disease process that occurs over somewhat of an extensive period of time." One of the physicians testified:
 "[A] stroke . . . doesn't happen as a result of one factor in a short period of time. It's a disease process that goes on . . . a disease process that is slowly progressive in causing changes in the vessel walls. . . . [G]enerally the factors have been there for a long period of time. So let's say the man has high blood pressure, which is a chronic condition, has been smoking for 20 years, and didn't take care of his diet, cholesterol was high, or has diabetes; the conditions were there, and the disaster happens all of a sudden."
The amicus contends that the worker's injury is not compensable because he did not present clear and convincing evidence that his stroke arose out of and in the course of his employment. Although that argument is persuasive, the parties did not raise it in the trial court or on appeal.